A92A0323. IN THE INTEREST OF J. M. H., a child.

(418 SE2d 128)

POPE, Judge.

This is an appeal by the natural father from an order of the trial court terminating his parental rights to his minor son.

1. Defendant/appellant first contends the record does not support the trial court's finding that he wilfully and wantonly failed to comply with the June 12, 1990, order of the Juvenile Court of Rockdale County or a prior order entered by a New Mexico court concerning this child. The trial court found the following facts: The parents of J. M. H. were married in 1978. In 1979, J. M. H. was born. In 1980, J. M. H.'s parents divorced. Joint custody was awarded to the parents with the mother appointed as the custodial parent. The father was ordered to pay $100 per month as child support. After the couple was divorced, the mother of the child was forced to take legal action to collect child support owed by the defendant. She also took out two criminal warrants for battery against the defendant.

In 1981, the mother remarried and moved to Georgia with the child. Although the mother claims she communicated with the defendant concerning the location of the child, there is no evidence that the defendant knew where the child was living until 1989. The mother also began to call the child by another name after she remarried.

During 1989, the defendant filed a motion in the New Mexico court that had granted the couple's divorce to enforce the prior decree of that court regarding custody of the child and to hold the child's mother in contempt of court for failing to comply with that decree. By order dated January 24, 1990, the New Mexico court granted that motion, and the order was later domesticated by the Rockdale County Superior Court.

Before the New Mexico court ruled on defendant's motion, however, on January 16, 1990, the mother filed a petition to terminate the parental rights of the defendant in the Juvenile Court of Rockdale County. In May 1990, that court conducted a hearing on the petition and concluded that although there was evidence the defendant had not taken significant steps to establish a familial relationship with the child, there was not clear and convincing evidence at that time that he had abandoned the child. The May 1990 order also set forth a reunification plan to reunite the child and defendant. The defendant was ordered inter alia to take immediate steps to communicate with

his son in the manner set forth in the order and to begin to pay child support for the child. The only evidence indicating that he attempted to comply with this order was that he corresponded with his son by letter on three or four occasions. The evidence is undisputed, however, that he made no efforts to visit with his son or to fulfill his obligation to contribute to his son's support.

In June 1991, the mother filed another petition seeking to terminate the defendant's parental rights to the child. After conducting a hearing in August 1991, the trial court issued an order holding the child was deprived as contemplated by OCGA § 15-11-81 (b) (4) (A) (i), and as defined in OCGA § 15-11-2 (8) (a), and terminated the defendant's parental rights for failure to remit child support as ordered by the Juvenile Court of Rockdale County for a period of more than one year in violation of OCGA § 15-11-81 (b) (2).

Contrary to the defendant's assertions, the record does establish by clear and convincing evidence that the defendant wantonly and wilfully failed to comply with the order of the Juvenile Court of Rockdale County issued in May 1990. There was no evidence that the defendant was not aware of the dictates of the May 1990 order, indeed, he was represented by his current counsel at that proceeding. The only evidence offered by either party regarding the defendant's compliance with the dictates of the order concerning support was the testimony of the child's mother that she had received no money from defendant. Defendant offered no evidence of justifiable cause for not supporting his child since November 1989 when he learned of the child's location.

2. Defendant argues that there is no evidence supporting the trial court's conclusion that the deprivation found by the trial court will continue and not likely be remedied. The only evidence that the defendant made any attempt to establish a relationship with his child since November 1989 is that he wrote to his son on three or four occasions after being ordered by the trial court to communicate with his child. The evidence further showed, however, that defendant had last written to his child five months before the instant termination proceeding was filed. Although defendant sought to enforce the original decree from the New Mexico court, after his motion to enforce was granted, he made no attempt to communicate with the child until ordered to do so by the Juvenile Court of Rockdale County as discussed above, nor did he offer any financial support to his son. Defendant has been given sufficient opportunity to establish a relationship with his son but appears more interested in enforcing his rights than exercising his rights. There is nothing in the record to suggest that defendant's conduct will change. When, as in this case, "there is no indication but the promise to suggest hope of improvement," *In re G. M. N.*, 183 Ga. App. 458, 461 (359 SE2d 217) (1987), we will not

disturb the trial court's holding that the parental rights of the father should be terminated.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 8, 1992.

*Maddox, Starnes & Nix, John A. Nix*, for appellant.
*Summers & Jones, Robert H. Stansfield, Rebecca P. Dally*, for appellee.